UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RBC BEARINGS, INC.,<br>    Plaintiff,<br><br>v.<br><br>THIN SECTION BEARINGS, INC.,<br>    Defendant. | Civil Action No.<br>3: 05cv00360 (SRU) |

**RULING ON PLAINTIFF'S MOTION TO ENFORCE JUDGMENT**

On December 21, 2005, I entered a default judgment in favor of the plaintiff, RBC Bearings, Inc. ("RBC"), against the defendant, Thin Section Bearings ("Thin Section"), including an award of attorneys' fees, in the total amount of $207,725.60. RBC has since filed a motion to enforce the judgment, seeking to pierce the corporate veil and hold an allegedly related corporation and three allegedly related persons liable to satisfy the judgment against Thin Section. For the reasons discussed below, that motion is denied.

**I.    Veil-Piercing Under Connecticut Law**

Federal Rule of Civil Procedure 69(a) provides that

> [p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

RBC's post-judgment motion seeks to pierce the corporate veil and hold four alleged alter egos of Thin Section liable for the judgment.

Under Connecticut law, "[c]ourts will disregard the fiction of separate legal entity when a corporation 'is a mere instrumentality or agent of another corporation or individual owning all or most of its stock.'" *Epperson v. Richter*, 2004 WL 2211715 at *10 (D. Conn. Sept. 24, 2004)

(quoting *Hoffman Wall Paper Co. v. City of Hartford*, 114 Conn. 531, 535 (1932)). Connecticut courts have recognized two theories for disregarding the corporate entity. The first is the "instrumentality" theory, which requires (a) control in the form of complete domination of finances and policy and business practices, (b) that such control was used to commit fraud or wrong, and (c) that the control and breach of duty must proximately cause the injury complained of. *Zaist v. Olson*, 154 Conn. 563, 575 (1967). The second is the "identity rule," under which the plaintiff must show that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, and an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability. *Angelo Tomasso, Inc. v. Armor Const. & Paving, Inc.*, 187 Conn. 544, 560 (1982).

## II. RBC Bearings has not made the requisite showing to pierce the corporate veil

Here, RBC presents responses to its discovery requests from Todd Sinclair, a non-party formerly employed by Thin Section, allegedly demonstrating that the non-party corporation and individuals against whom RBC seeks to enforce its default judgment are alter egos of Thin Section. That evidence, by itself, is not an adequate showing to pierce the corporate veil and hold the various non-parties liable to satisfy the judgment. As Judge Squatrito stated in *Epperson v. Richter*, 2004 WL 2211715 at *13 (quoting 1 Fletcher Cyc. Corp. § 43 (Perm. Ed. 1999)), "[m]erely showing control, in the absence of an intent to defraud or escape liability is insufficient to overcome that presumption [of separateness] . . . . [T]he injured party must show some connection between its injury and the parent's improper manner of doing business – without that connection, even when the parent exercises domination and control over the

subsidiary, corporate separateness will be recognized." The plaintiff has not alleged an intent to defraud or escape liability, or that Thin Section's relation to the non-party corporation and individuals was connected to the injury suffered by plaintiff. Finally, the discovery responses that RBC submitted are inadequate on their own to pierce the corporate veil. *E.g., Aaron v. Mattikow*, 225 F.R.D. 407, 410 (E.D.N.Y. 2004) (discussing the type of showing that would be necessary to exercise ancillary jurisdiction).

### III.  Ancillary jurisdiction is not available absent fraudulent conveyance of assets to the corporate entities

The relief sought by the plaintiff is also unavailable in this action. The plaintiff must bring a separate action to pierce the corporate veil. At this point, the entities that the plaintiff seeks to hold liable for Thin Section's judgment have not had a full and fair opportunity to respond to the allegations against them.

In *Peacock v. Thomas*, 516 U.S. 349 (1996), a case similar to the case at bar, the plaintiff had obtained a judgment against defendant Tru-Tech corporation. *Peacock*, 516 U.S. at 352. When Tru-Tech could not satisfy the judgment, the plaintiff brought a supplemental proceeding seeking to pierce Tru-Tech's corporate veil and recover the judgment from Peacock, an officer of the corporation. The Supreme Court held that the supplemental proceeding was in fact a new action against Peacock based on a new theory of liability for which independent grounds of subject matter jurisdiction must exist, and that consequently the court's ancillary jurisdiction could not be exercised in such circumstances. *Id.* at 358.

The Second Circuit, interpreting *Peacock*, has emphasized that a "distinction for jurisdictional purposes exists between an action to collect a judgment . . . and an action to

establish liability on the part of a third party." *Epperson v. Entertainment Express, Inc.*, 242 F.3d 100, 104 (2d Cir. 2001). The Second Circuit went on to say that, "[s]ince *Peacock*, most courts have continued to draw a distinction between post-judgment proceedings to collect an existing judgment and proceedings, such as claims of alter ego and veil-piercing, that raise an independent controversy with a new party in an effort to shift liability." *Id.* at 106.

As the Southern District of New York recently recognized in *Knox v. Orascom Telecom Holding S.A.E.*, 477 F. Supp. 2d 642, 646 (S.D.N.Y. 2007), "*Epperson* and the cases that follow it all involve exercise of enforcement jurisdiction over fraudulent conveyance claims. Significantly, Plaintiffs do not assert that the funds at issue here were fraudulently conveyed . . . in order to avoid this court's judgment. This fact is significant because the Second Circuit's decision in *Epperson* is premised on the distinction between a fraudulent conveyance claim and a veil-piercing or alter ego claim." *See also Aaron*, 225 F.R.D. 407 (exercising ancillary jurisdiction based on a fraudulent conveyance claim). Notably, the *Knox* court concluded that:

> In sum, the Court is persuaded that this action does in fact "seek to hold nonparties liable for a judgment on a theory that requires proof on facts and theories different from those underlying the judgment," and it is not "and attempt simply to collect a judgment duly rendered by a federal court, even if chasing after the assets of the judgment debtor in the hands of a third party." *See U.S.I. Properties Corp. v. M.D. Construction Co.,* 230 F.3d 489, 498 (1st Cir. 2000).

*Knox*, 477 F. Supp. at 648-49. The same is true here. RBC seeks to enforce its default judgment against non-parties who have not had a full and fair opportunity to respond to and defend against RBC's allegations. Due process requires such an opportunity.

**IV.    Conclusion**

For the reasons discussed above, the plaintiff's motion to enforce the default judgment against a non-party corporation and non-party individuals is denied.

Dated at Bridgeport, Connecticut, this 18th day of September 2007.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge